The Chief Justice
delivered the opinion of the court.
Samuels having sold to M‘Clellan a tract of land, gave his obligation to make a deed therefor, “in the same manner and form as the said Samuels gets from James Green-“well, whom he bought the land of; and if the said Green-“well will make a deed agreeable to a bond said Samuels ‘'‘has on him, to the said M’Clellan, the said M’Clellan a“grees to take the deed from said Greenwell; but if the “said Greenwell will not make the deed to said M’Clellan, “then the said Samuels agrees to get the deed from Green-aweiJ, and make said M’Clellan’s deed anv time when said *370 “M’Cieiian calis on him for the same, after the said Sam* “uels gets the deed from Greenwell.”
In an' action of covenant it is error to assign that us a breach which the def’l has not undertaken to per-fbrn>.
?f the «My of the def’d’t depends orv a contingency, the h«ppen-ing of the coniinerf ncy should be a* verred, to shew the defendant’s lia-
On this obligation M’Cieiian brought an action of cove» nant against Samuels, and, in substance, alledged as a breach of the covenant, that Greenwell had not made a deed to said M’Cieiian for said land in a reasonable time after the date of said obligation, and that Samuels had not caused or procured said Greenwell to make a deed to M’-Cieiian within a reasonable, or at any time, after the date of said obligation, though often requested to do so, and more particularly on the day of Nor had said Samuels made a deed to ' said M’Cieiian within a' reasonable time, or at any time after the date of said writing obligatory, though often requested to do so, and more especially on thfr day of anterior to the bringing of this suit.
To this declaration Samuels demurred, and on the demurrer the circuit court gave judgment for him, from which M’Cieiian prosecutes this appeal.
The question in this case is, whether the breach of the covenant, as alledged in the declaration, is sufficient to entitle M’Cieiian to maintain his action?
The obligation, though if contains a covenant on the part of M’Cieiian to receive a deed from Greenwell in case he was willing to convey to him, most obviously contains no' covenant on the part of Samuels, that Greenwell should make the deed to M’Cieiian. The only covenant, therefore, on the part of Samuels, was, that in case Greenwelrl would not convey to M’Cieiian, he would get the deed from Greenwell and make one to M’Cieiian at any time thereafter when called upon to do so.
According to this exposition of the obligation, it is clear, that the failure or refusal of Greenwell to make a deed tsr M’Cieiian agreeable to the bond held by Samuels, was no breach of Samuels’ covenant: and it follows, as a necessary consequence, that an averment in the declaration to that effect, though a necessary averment in order to shew the liability of Samuels, is not in itself sufficient to entitle M’-Cieiian to his action. In addition to such an averment, the declaration should alledge, either that Samuels had not got a deed from Greenwell, or that he had failed to make a deed to M’Cieiian when he was thereafter requested tt> do so, for in either of these cases he would be liable to an action. But the declaration in this case does not alledge-that Samuels had neglected or refused to get a deed from *371 Green well, arid the averment that he had not made a deed to M’Clellan, is manifestly insufficiently made, inasmuch as the demand allcdged is not averred to have been made ‘after Samuels had got a deed from Greenwell.
The circuit court, therefore, correctly sustained the demurrer.
The judgment affirmed with cost.